NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

NOV 24 2017

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| GUANGXIA ZUO; et al., | No.  14-73786 |
| Petitioners, | Agency Nos.  A200-274-286 |
| v. | A200-274-287 |
| | A200-274-288 |
| JEFFERSON B. SESSIONS III, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted November 9, 2017
Pasadena, California

Before:  REINHARDT and WARDLAW, Circuit Judges, and DANIEL,** District Judge.

Guangxia Zuo, a native and citizen of China, petitions for review of a

decision of the Board of Immigration Appeals ("BIA"), dismissing her appeal of a

removal order denying her application for asylum, withholding of removal, and

protection under the Convention Against Torture ("CAT").  We have jurisdiction

---

*        This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

**        The Honorable Wiley Y. Daniel, United States District Judge for the
U.S. District Court for Colorado, sitting by designation.

under 8 U.S.C. § 1252, and reviewing the BIA decision for substantial evidence, *Ahmed v. Keisler*, 504 F.3d 1183, 1191 (9th Cir. 2007), we grant the petition for review.

1. The BIA's adverse credibility finding, based on two minor omissions in Zuo's application and its belief that she did not adequately explain those omissions, was not supported by substantial evidence and is reversed. *See Lai v. Holder*, 773 F.3d 966 (9th Cir. 2014).

2. The BIA's alternative finding that, "even assuming credibility," Zuo did not establish a well-founded fear of religious persecution in China, was not supported by substantial evidence. Zuo demonstrated a particularized threat beyond the generalized risk to all practitioners of the I-Kuan Tao religion. *See Al-Harbi v. I.N.S.*, 242 F.3d 882, 888 (9th Cir. 2001). The BIA's finding as to well-founded fear is reversed. We remand for a grant of withholding of removal and consideration of a grant of asylum. We do not reach the merits of Zuo's CAT claim because we grant the petition on other grounds.

Petition **GRANTED**.

14-73786